# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

ANTONIO COLLINS,

    Movant,

v.                                      Case No. 2:23-cv-00701
                                          Case No. 2:08-cr-00283-1

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 106) and his Motion for Injunction (ECF No. 118). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Antonio Collins (hereinafter "Defendant") was initially convicted in this federal court following his guilty plea, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 61, 62). On January 13, 2010, Defendant was sentenced to serve 48 months in prison, followed by a three-year term of supervised release. (ECF No. 71). A Judgment to that effect was entered on January 26, 2010. (ECF No. 72). Defendant's Judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on August 10, 2010. *United States v. Collins*, No. 10-4182 (Aug. 10, 2010). (ECF No. 85).

Defendant was released to serve his three-year term of supervision on or about August 19, 2012. (ECF No. 89). However, on May 2, 2013, a petition was filed by Defendant's probation officer asserting that Defendant had violated the terms of supervision by committing new state crimes, unlawfully possessing a firearm during those crimes, leaving the judicial district without permission, testing positive for use of marijuana, and failing to appear for multiple drug screenings. (ECF No. 90). As set forth in an amended violation petition, Defendant subsequently pled guilty to two counts of attempted murder (Counts One and Two) and two counts of malicious wounding (Counts Three and Four) in the Circuit Court of Kanawha County. (ECF No. 92). He was sentenced by the state court to serve 3-15 years on Count One, 6-15 years on Count Two, and 2-10 years on Counts Three and Four, all of which were to run consecutively. (*Id.*)

On December 17, 2015, following a final revocation hearing, the presiding District Judge herein revoked Defendant's term of federal supervised release and sentenced him to serve 24 months in prison, which was ordered to run consecutively to the state court sentences he was then serving. (ECF No. 102) (hereinafter 'Revocation Judgment"). Defendant did not appeal that decision. However, nearly eight years later, on October 30, 2023, he filed the instant § 2255 motion asserting the following grounds for relief:

1.   Ineffective Assistance of Counsel

> My counsel failed to argue the fact that I had already served 2 years of being incarcerated up to December 9, 2015 hearing, to have only served 1 year of supervised release in society before being violated to have motioned the judge to credit the time already have served for a completed federal sentence and/or probation. The sentence would have expired in 2015, probation violation as the charge has a statute of limitations of 5 years.

    2.    Excessive sentence

        The 48 months I was sentenced to "initially," to have then been sentenced to an additional 24 months, making the sentence a total of 72 months.

    3.    Double Jeopardy

        I was sentenced to a period of 48 months, then more than 10 years later, to do another 24 months on a sentence in which I have almost served all the time.

(ECF No. 106 at 4-6).

On January 10, 2025, Defendant filed additional documentation in support of his § 2255 motion. (ECF No. 113). This document, which Defendant titles "Judicial Notice," asserts that Defendant's term of supervised release expired prior to his final revocation hearing and, therefore, his Revocation Judgment violated his due process and double jeopardy rights. (*Id.* at 1). Defendant further contends that the presiding District Judge lacked discretion under 18 U.S.C. § 3584(a) and section 5G1.3(b) of the United States Sentencing Guidelines to impose a consecutive 24-month revocation sentence to his already imposed state sentences. (*Id.* at 1-2). He further contends that, under the United States Sentencing Guidelines, the District Court was required to identify factors warranting a consecutive sentence. (*Id.* at 2). He also asserts that he has been diagnosed with Chronic Myelogenous Leukemia ("CML"), a progressive form of cancer. Thus, he requests that the court take his health situation and his lengthy state sentences into consideration and to modify his sentence to run it concurrently with his state sentences. (*Id.* at 2-3).

On May 12, 2025, Defendant filed a Motion for Injunction. (ECF No. 118). Although somewhat unclear, that motion appears to seek an injunctive order modifying Defendant's Revocation Judgment to run his revocation sentence concurrent to his state

3

sentences. The undersigned also construes this motion to be seeking expedited relief. (*Id*. at 2). Because it is apparent, however, that Defendant's § 2255 motion is untimely filed, and there is no basis for equitable tolling of the statute of limitations, the undersigned has not ordered Respondent to respond to any of Defendant's filings and his § 2255 motion and motion for injunction should be summarily dismissed.

## ANALYSIS

At issue here is Defendant's Revocation Judgment revoking his term of supervised release and sentencing him to serve a 24-month term of imprisonment that was to run consecutive to the state sentences that had been previously imposed for his attempted murder and malicious wounding convictions. Defendant's claims that the District Court improperly imposed a consecutive revocation sentence in violation of his due process and double jeopardy rights and that Defendant's counsel provided ineffective assistance in the revocation proceeding are claims that are appropriately brought under 28 U.S.C. § 2255. *See, e.g., Prioleau v. United States*, 746 F. Supp. 383, 384 (S.D.N.Y. 1990) (clarifying that a challenge to the validity of a consecutive federal sentence and how it was imposed is cognizable under § 2255). Thus, the procedural requirements and filing restrictions for § 2255 motions apply to his claims, including the applicable statute of limitations.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

4

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. "The Court has the power to raise the issue of timeliness in habeas proceedings *sua sponte*" so long as the Defendant has notice (which is provided through this Proposed Findings and Recommendation) and an opportunity to respond (which he will have during the objection period described at the end of this document). *Huffman v. United States*, No. 2:10-cv-00050; 2:05-cr-00018, 2010 WL 5418936, at *4 and n.2 (N.D.W. Va. Oct. 26, 2010) (citing *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002).

The Revocation Judgment was entered on December 17, 2015.  (ECF No. 102). Defendant did not appeal that decision.  Thus, his Revocation Judgment became final on December 31, 2015 - 14 days after the entry of the Revocation Judgment - since Defendant did not file a notice of appeal therefrom.  *See* Fed. R. App. P. 4(b)(1)A); *United States v. Torres*, 211 F.3d 836, 838 (4th Cir. 2001); *United States v. Simpson*, 407 F. App'x 716, 716-17 (4th Cir. 2011); *Huffman, supra*, 2010 WL 5418936 at *4 (conviction and sentence become final, for purposes of filing a motion pursuant to § 2255, when the time for filing a direct appeal expires).  Pursuant to 28 U.S.C. § 2255(f)(1), Defendant had until December 31, 2016 to file a timely § 2255 motion concerning his Revocation Judgment, which he failed to do.  Accordingly, the § 2255 motion challenging the Revocation Judgment that Defendant filed on October 30, 2023, was clearly untimely filed under § 2255(f)(1).

Moreover, Defendant has not offered any basis for an alternative running of the one-year statute of limitations under the other sections of § 2255(f) or to equitably toll the limitation period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014); *Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000). As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe . . . that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where <u>extraordinary circumstances</u> beyond the plaintiff/petitioner's control made it impossible to file the claims on time. *Id*. [Emphasis added]. The Fourth Circuit has also made clear however, that, generally, mistakes of counsel are attributable to the prisoner, and that such errors are not grounds for equitable tolling. *See Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003). The Fourth Circuit has further held that equitable tolling was not even warranted where counsel actually misadvised his client of the statutory deadline. *See Harris*, 209 F.3d at 330-31.

Here, Defendant repeatedly makes a vague and conclusory assertion that these grounds were not presented "due to not being advised of the appeal procedures or this issue as a matter of presenting to the sentencing judge." He further appears to contend that, since he is still serving his state sentences, and his federal sentence has not yet

started, the one-year statute of limitations "does not bar the petition." (ECF No. 106 at 9, 11). However, these assertions are insufficient to toll the statute of limitations or otherwise render Defendant's § 2255 motion timely.

Even though Defendant is presently incarcerated in a state prison, for the purpose of bringing a § 2255 motion challenging his consecutive federal sentence, he is "in custody" under his federal sentence as well. *See United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997); *Huffman, supra*, 2010 WL 5418936 at *7 (citing *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) and *Garlotte v. Fordice*, 515 U.S. 39 (1995)); *Floyd v. United States*, No. 1:23-cv-00031; 1:99-cr-00005; 2023 WL 1825085, *1 n.3 (W.D.N.C. Feb. 8, 2023) (consecutive sentences are treated in the aggregate for the purpose of whether a prisoner is "in custody" to bring a federal habeas corpus challenge); *see also Ospina v. United States*, 386 F.3d 750 (6th Cir. 2004); *Holleman v. United States*, 721 F.2d 1136 (7th Cir. 1983); *Simmons v. United States*, 437 F.2d 156 (5th Cir. 1971); *Jackson v. United States*, 423 F.2d 1146 (8th Cir. 1970); *Desmond v. United States Board of Parole*, 397 F.2d 386 (1st Cir. 1968). Consequently, he was subject to the one-year statute of limitations from the time his Revocation Judgment became final.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's Revocation Judgment became final on or about December 31, 2015, when his time for filing a notice of appeal thereon expired, and that none of the other events specified in section 2255(f) apply in this case. Therefore, Defendant's time to file his section 2255 motion expired on or about December 31, 2016, and his present motion is untimely. The undersigned further proposes that the presiding District Judge **FIND** that Defendant has identified no exceptional circumstances to justify equitable tolling of the limitation period. Therefore, it is respectfully **RECOMMENDED** that Defendant's

§ 2255 motion (ECF No. 106) be dismissed, with prejudice, as untimely filed and that his Motion for Injunction (ECF No. 118) be denied.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

May 16, 2025

Dwane L. Tinsley
United States Magistrate Judge