```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**ANTONIO COLLINS,**

    Movant,

v.                                Civil Action No. 2:23-cv-00701
                                   Criminal Action No. 2:08-cr-00283-1

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is movant's <u>pro se</u> "Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. 2255" (ECF No. 106), filed on October 30, 2023, and movant's "Motion for Injunction" (ECF No. 118), filed on May 16, 2025.

## I. BACKGROUND

Antonio Collins ("movant") was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 61, 62. On January 13, 2010, this court sentenced movant to 48 months in prison, followed by a three-year term of supervised release. ECF No. 71. This court then entered judgment on January 26, 2010. ECF No. 72. The United States Court of Appeals for the Fourth Circuit affirmed the movant's judgment on August 10, 2010. ECF No. 85.

On or about August 19, 2012, the movant was released to serve his three-year term of supervision. ECF No. 89. On May 2, 2013, movant's probation officer filed a petition asserting that movant had violated the terms of his supervised release by committing the state crimes of attempted murder and malicious wounding, unlawfully possessing a firearm during those crimes, leaving the judicial district without permission, testing positive for the use of marijuana, and failing to appear for urine screens. ECF No. 90. The movant pled guilty to two counts of attempted murder ("Count One" and "Count Two") and two counts of malicious wounding ("Count Three" and "Count Four") in the Circuit Court of Kanawha County, West Virginia. ECF No. 92. The movant was then sentenced to serve three to fifteen years on Count One, six to fifteen years on Count Two, and two to ten years on Counts Three and Four, all of which were to run consecutively. Id.

On December 17, 2015, this court revoked the movant's term of federal supervised release and sentenced him to serve twenty-four months in prison. ECF No. 102. The sentence was ordered to run consecutively to the state sentence ordered by the Circuit Court of Kanawha County, West Virginia. Id. The defendant did not file an appeal. Nearly eight years later, on October 30, 2023, the movant filed the § 2255 motion now under consideration,

asserting (1) ineffective assistance of counsel, (2) excessive sentence, (3) double jeopardy. ECF No. 106.

On January 10, 2025, the movant filed a motion entitled "Judicial Notice" in support of his § 2255 motion. ECF No. 113. The movant asserts that his term of supervised release expired prior to his final revocation hearing and therefore the revocation judgment violated his due process and double jeopardy rights. Id. The movant also asserts that this court lacked discretion to impose a consecutive 24-month revocation sentence to his state sentences under 18 U.S.C. § 3584(a) and section 5G1.3(b) of the United States Sentencing Guidelines. Id. Additionally, the movant informs the court that he was diagnosed with a progressive form of cancer called Chronic Myelogenous Leukemia ("CML") and asks the court to consider, in modifying his sentence to run concurrently with his state sentences, both his health condition and the length of his state sentences, neither of which is the subject of the movant's objections noted below. Id.

On May 12, 2025, the movant filed a "Motion for Injunction" in which he appears to seek an injunctive order modifying his revocation judgment to run his revocation sentence concurrent to his state sentences. ECF No. 118. The magistrate judge construed the motion to be seeking expedited relief. Id.

The magistrate judge entered the Proposed Findings and Recommendation ("PF&R") on May 16, 2025.  PF&R at 1.  On May 23, 2025, the movant timely filed "Filing of Objections," in which he objects to the magistrate judge's PF&R.  ECF No. 120.

## II. GOVERNING STANDARD

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made.  See Thomas v. Arn, 474 U.S. 140 (1985).  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); see also United States v. Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019)(parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).

Upon an objection to the PF&R, the court reviews de novo only "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1); see also Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)("De novo review is not required when a party makes general or conclusory objections that do not direct the court to a specific order ....");

4

United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the [PF&R]." United States v. Hernandez-Aguilar, 359 F. Supp. 3d 331, 334 (E.D.N.C. 2019).

### III. DISCUSSION

The PF&R recommends that movant's "Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. 2255" be dismissed, with prejudice, as untimely filed and that movant's "Motion for Injunction" be denied. PF&R at 4. First, the magistrate judge determined that the movant failed to timely file his section 2255 motion within the statutory one-year period. Id. Second, the magistrate judge found no circumstances that would permit equitable tolling of the limitations period. Id.

The movant raises four objections to the PF&R: (1) an attorney acknowledges that movant's claims are appropriately brought under 28 U.S.C. § 2255; (2) movant qualifies for the specified circumstances under sections 2255(f)(2) and (4); (3) the court neglected to recognize movant's pro se filing and that movant's due process rights are being violated; and (4) the court has discretion to apply equitable tolling to movant's cause of action. ECF No. 120.

In his first objection, the movant asserts that his claims have been appropriately brought under section 2255. PF&R at 2. The movant's assertion is vague and fails to direct the court to any actual basis for the objection. As a result, the court overrules the movant's first objection and turns to the rest of movant's objections concerning timeliness and equitable tolling below.

A. <u>Timeliness</u>

In the PF&R, the magistrate judge determined that the movant had "not offered any basis for an alternative running of the one-year statute of limitations" under 28 U.S.C. § 2255(f)(1)-(4). PF&R at 6. The movant objects to the magistrate judge's conclusion, arguing that his motion is rendered timely under sections 2255(f)(2) and 2255(f)(4). ECF No. 120. The movant alleges that he was prevented from filing the motion by governmental action which stems from counsel's failure to introduce "3584(a) of the United States Code Service." <u>Id.</u> at 2. Further, the movant notes that his claims are appropriate "under due care according to the circumstances of the case." <u>Id.</u>

A one year-period of limitation governs the filing of motions for collateral relief under 28 U.S.C. § 2255 which begins to run pursuant to the circumstances specified in section

2255(f)(1)-(4).¹  Here, movant's revocation judgment was entered on December 17, 2015.  ECF No. 102.  The movant failed to file an appeal, consequently the movant's revocation judgment became final on December 31, 2015.  Pursuant to Section 2255(f)(1) the movant was permitted to file a timely section 2255 motion within one year of the date in which the judgment becomes final, which was December 31, 2016.  The magistrate judge aptly determined that movant's motion is plainly untimely after being filed on October 30, 2023, nearly eight years after the one-year period following the judgment of his conviction expired.  PF&R at 5.

The magistrate judge persuasively concluded that sections 2255(2) and 2255(4) likewise do not apply to movant's case.  The movant has not set forth any basis for concluding that the government acted to impede his ability to file a motion, nor does the movant reveal a new factual basis for his claims which

---

¹ The one-year limitation period runs from the latest of:
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making the motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

could not have previously been discovered through the exercise of due diligence.

The court finds no error in the magistrate judge's conclusion that movant's motion is untimely pursuant to 28 U.S.C. § 2255(f)(1)-(4).

Next, the movant objects to the court's raising of the issue of timeliness in this proceeding sua sponte because he alleges his due process rights are being violated. ECF No. 120 at 2. As observed by the magistrate judge, the "Court has the power to raise the issue of timeliness in habeas proceedings *sua sponte*" provided that the pro se movant has notice and an opportunity to respond. See Huffman v. United States, 2010 WL 5418936, at *4 and n.2 (N.D. W. Va. Oct. 26, 2010)(citing Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002)). Despite having notice and the opportunity to respond, the movant's allegations remain vague, and he has not pointed the court to specific circumstances that constitute due process violations. Accordingly, the court overrules the movant's objection in this regard.

B. Equitable Tolling

The limitation period set by Section 2255 is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). In the PF&R, the

8

magistrate judge found that there were no extraordinary circumstances provided by the movant requiring the application of equitable tolling. The movant objects to the magistrate judge's conclusion, arguing that "[t]rial courts are encouraged to liberally treat procedural errors made by pro se litigants rather than dismiss the complaint outright." ECF No. 120 at 3.

Equitable tolling is applied where either (1) the petitioner was "prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" or (2) extraordinary circumstances beyond the petitioner's control "made it impossible to file the claims on time." See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Here, the movant fails to set forth any plausible basis for concluding that his late filing was caused by either some external wrongful conduct or extraordinary circumstances beyond his control.

As a result, the court concludes that the magistrate judge correctly determined that there are no circumstances that exist to permit equitable tolling.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1. The movant's objections (ECF No. 120) be, and hereby are, overruled;

2. The findings and recommendation in the magistrate judge's Proposed Findings and Recommendation (ECF No. 119) be, and hereby are, ADOPTED by the court and incorporated herein;

3. The movant's pro se "Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. 2255" (ECF No. 106) be, and hereby is, denied; and

4. The movant's pro se "Motion for Injunction" (ECF No. 118) be, and hereby is, denied.

5. This action be, and hereby is, DISMISSED from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 12, 2025

John T. Copenhaver, Jr.
Senior United States District Judge